IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KAITLIN JARAMILLO, on behalf of herself
and all other similarly situated,

*Plaintiffs,*

vs.

Case No. 24-2115-EFM-GEB

NORTH RESTAURANTS LLC,

*Defendant.*

**MEMORANDUM AND ORDER**

Plaintiff Kaitlin Jaramillo, on behalf of herself and all others similarly situated, filed suit against Defendant North Restaurants LLC asserting violations of the Fair Labor Standards Act ("FLSA") and state wage laws. Defendant filed a Motion to Compel Arbitration and Dismiss Complaint (Doc. 52). The Motion is fully briefed. For the reasons stated in more detail below, the Court grants the Motion to Compel Arbitration and stays the case pending arbitration.

I.   **Factual and Procedural Background**

Defendant is a limited liability company that operates a chain of restaurants, known as North Italia, in multiple states. From September 2018 through August 2023, Plaintiff worked as a server/bartender at the North Italia location in Leawood, Kansas. In the course of her employment,

Plaintiff entered into a Mutual Agreement to Arbitrate Claims ("the Agreement") with Defendant. Plaintiff signed the Agreement on April 22, 2023.

The Agreement provides that Defendant and Plaintiff must arbitrate any covered claims rather than litigating in court. The Agreement lists examples of covered claims:

> Claims for wages or other compensation or benefits and/or for payments, penalties, interest, and/or liquidated damages related thereto (including but not limited to, claims for non-payment, underpayment, or incorrect payment of wages, overtime, commissions, bonuses, severance, employee fringe benefits, stock options, payments for missed breaks, payments for late final pay, payments relating to itemized wage statements, associated penalties, and the like)[.][1]

According to the Agreement, these claims must be decided by an arbitrator, not the Court. Further, the Agreement contains a class and collective action waiver. Thus, covered claims must be brought in an individual capacity.

Additionally, the Agreement contains a delegation clause. The delegation clause provides that "[t]he arbitrator shall have exclusive authority to resolve any dispute relating to the interpretation, applicability, enforceability, or formation of this Agreement including, but not limited to, any claim that all or any part of this Agreement is void or voidable."[2] The delegation clause also states that "any issue concerning the validity of the class, collective, representative, or joint action waivers provided in this Agreement must be decided by a court, not an arbitrator."[3]

Plaintiff, on behalf of herself and all others similarly situated, filed suit on March 26, 2024, alleging that Defendant violated the FLSA and state wage laws. Defendant filed its Motion to Compel Arbitration and Dismiss Complaint on May 8, 2024. The Agreement was attached to

---

[1] Doc. 52-1, Mutual Agreement to Arbitrate Claims, at 2.

[2] *Id*. at 4.

[3] *Id*.

Defendant's Motion. On May 29, 2024, Plaintiff filed her Response. Defendant filed its Reply on June 12, 2024.

## II.    Legal Standard

Arbitration is a matter of contract, and a party must arbitrate only those disputes that they have agreed to submit to arbitration.[4] If a contract contains an arbitration provision, there is a presumption of arbitrability.[5] Whether the parties agreed to arbitrate a dispute is an issue for judicial determination unless the parties clearly and unmistakably provide otherwise.[6] Whether there is an enforceable arbitration agreement is a matter of state contract law to be decided by the court.[7] A defendant seeking to compel arbitration has the initial burden to show enough evidence of an enforceable agreement to arbitrate.[8] If the defendant meets this burden, the plaintiff must show a genuine issue of material fact as to the validity of the agreement.[9] Doubts should be resolved in favor of arbitration.[10]

The Federal Arbitration Act ("FAA") provides that arbitration agreements are valid and enforceable subject to the same legal grounds for the revocation of any contract.[11] A federal district

---

[4] *AT&T Techs., Inc. v. Commc'ns Workers of America*, 475 U.S. 643, 648 (1986); *WIHO, LLC v. Hubbauer*, 2013 WL 3756547, at *1 (D. Kan. 2013) (citation omitted).

[5] *AT&T Techs*, 475 U.S. at 650; *Gratzer v. Yellow Corp.*, 316 F. Supp. 2d 1099, 1103 (D. Kan. 2004).

[6] *AT&T Techs*, 475 U.S. at 649; *Gratzer*, 316 F. Supp. 2d at 1103.

[7] *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995); *Hill v. Ricoh Americas Corp.*, 603 F.3d 766, 777 (10th Cir. 2010).

[8] *Hancock v. Am. Tel. & Tel. Co.*, 701 F.3d 1248, 1261 (10th Cir. 2012).

[9] *SmartText Corp. v. Interland, Inc.*, 296 F. Supp. 2d 1257, 1263 (D. Kan. 2003).

[10] *Granite Rock Co. v. Int'l Bhd. of Teamsters*, 561 U.S. 287, 298 (2010); *Newmont U.S.A. Ltd. v. Ins. Co. of N. Am.*, 615 F.3d 1268, 1275 (10th Cir. 2010).

[11] 9 U.S.C. § 2.

court may compel arbitration when it would have jurisdiction in the underlying dispute.[12] Finally, a court must stay litigation on a matter that the parties have agreed to arbitrate.[13]

### III.     Analysis

Defendant asks the Court to compel arbitration in this case because the Agreement requires the parties to arbitrate covered claims. In response to Defendant's motion, Plaintiff argues that the Agreement is not a valid contract because her signature was obtained under duress and the consideration was illusory.

When the parties disagree as to whether an agreement to arbitrate exists, the party moving to compel arbitration bears a burden similar to the one faced by a summary judgment movant – that is, the party trying to compel arbitration must make an initial showing that a valid arbitration agreement exists.[14] If the moving party carries this burden, the burden then shifts to the non-moving party to show a genuine issue of material fact regarding the parties' agreement.[15]

Here, Defendant has met its burden of making an initial showing that a valid arbitration agreement exists. Defendant provided sufficient evidence that Plaintiff knowingly signed the Agreement.[16] Therefore, the burden shifts to Plaintiff.

Plaintiff advances several arguments disputing the validity of the Agreement. However, Plaintiff's arguments are for the arbitrator to decide. The Agreement contains a delegation clause providing, "[t]he arbitrator shall have exclusive authority to resolve any dispute relating to the

---

[12] 9 U.S.C. § 4.

[13] 9 U.S.C. § 3.

[14] *Hancock*, 701 F.3d at 1261.

[15] *Id*.

[16] *See* Declaration of Dan Schafrik, ¶3, Doc. 52-1; Doc. 52-1, Mutual Agreement to Arbitrate Claims.

interpretation, applicability, enforceability, or formation of this Agreement including, but not limited to, any claim that all or any part of this Agreement is void or voidable."[17] A "delegation provision is an agreement to arbitrate threshold issues concerning the arbitration agreement" and "parties can agree to arbitrate 'gateway' questions of 'arbitrability,' such as whether the parties have agreed to arbitrate or whether their agreement covers a particular controversy."[18] If a party "seeks to enforce" a delegation clause, the opposing party must "challenge[ ] the delegation provision specifically"; otherwise, the court "must treat [the delegation clause] as valid" and "enforce it" under the FAA, "leaving any challenge to the validity of the Agreement as a whole for the arbitrator."[19]

Here, the Court has found that there is an arbitration agreement between Plaintiff and Defendant. That agreement contains a delegation clause, which Defendant has sought to enforce. Plaintiff's arguments regarding the validity of the Agreement do not specifically challenge the delegation clause. Therefore, based on the delegation provision in the Agreement, the questions of whether the Agreement is a valid contract should be decided by the arbitrator, not the Court.

Admittedly, the delegation clause does not encompass all claims regarding the provisions within the Agreement. The delegation clause does not apply to "any issue concerning the validity of the class, collective, representative, or joint action waivers provided in this Agreement [as they] must be decided by a court, not an arbitrator." Here, Plaintiff argues that the mutuality of the class and collective action waiver within the Agreement does not constitute consideration. This is not a

---

[17] Doc. 52-1, Mutual Agreement to Arbitrate Claims.

[18] *Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 68–69 (2010) (further citation omitted).

[19] *Id*. at 72; *see also Fedor v. United Healthcare, Inc.*, 976 F.3d 1100, 1105 (10th Cir. 2020) ("[I]f a party . . . fails to specifically challenge a delegation clause . . ., then the delegation clause will typically require a court to compel arbitration and allow an arbitrator to determine whether the arbitration contract was indeed valid.").

challenge to the validity of the class and collective action waiver itself. Plaintiff's argument is made in the context of challenging the consideration for the Agreement as a whole. Thus, Plaintiff is not challenging the validity of the class and collective action waiver, but the validity of the Agreement. As the Court determined above, questions regarding the validity of the Agreement are to be decided by the arbitrator. Accordingly, the Court grants Defendant's motion to compel arbitration.

Additionally, Defendant requests dismissal of the case because all issues will be decided by arbitration. In the alternative, Defendants request a stay. In the Tenth Circuit, district courts "are obligated to stay litigation upon request of a party, rather than dismiss the action" in accordance with § 3 of the FAA.[20] This statute specifically provides that a district court "*shall* on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement."[21] Thus, the Court is required to stay the proceedings instead of dismissing the case.[22] Consequently, the Court stays the case pending arbitration.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Compel Arbitration and Dismiss Complaint (Doc. 52) is **GRANTED** in part and **DENIED** in part.

**IT IS FURTHER ORDERED** that the case is stayed while the parties submit to arbitration.

---

[20] *P1 Grp., Inc. v. Inabensa USA, LLC*, 2014 WL 4261405, at *2 (D. Kan. 2014) (citing *Hill*, 603 F.3d at 771).

[21] 9 U.S.C. § 3 (emphasis added).

[22] *See Adair Bus Sales, Inc. v. Blue Bird Corp.*, 25 F.3d 953, 955 (10th Cir. 1994) (noting that if a party requests a stay of the case pending arbitration, the district court must grant it in accordance with 9 U.S.C. § 3).

**IT IS SO ORDERED.**

Dated this 9th day of July, 2024.

                                        ERIC F. MELGREN
                                        CHIEF UNITED STATES DISTRICT JUDGE