IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KAITLIN JARAMILLO, et al.,

   *Plaintiffs*,

v.

NORTH RESTAURANTS LLC,

   *Defendant*.

Case No. 24-2115-EFM

**MEMORANDUM AND ORDER**

  Before the Court is Plaintiffs' Motion to Transfer Case (Doc. 64). Plaintiffs seek to transfer 15 FLSA opt-in plaintiffs from this case to another pending case in the United States District Court for the District of Arizona. For the reasons stated herein, the Court denies Plaintiff's motion.

**I.  Factual and Procedural Background**

  On March 26, 2024, Named Plaintiff Kaitlin Jaramillo commenced this collective and class action against Defendant North Restaurants LLC alleging multiple FLSA violations. Since then, 54 Plaintiffs have opted in as plaintiffs as allowed by the FLSA.[1] On July 10, 2024, the Court stayed this action pending arbitration. On February 6, 2025, one of the opt-in Plaintiffs, Sharon McLellan, filed a nearly identical collective and class action against North Restaurants LLC in the District of Arizona. On March 3, 2025, Plaintiffs moved to transfer 15 opt-in plaintiffs to the pending suit in the District of Arizona, arguing that—because these 15 do not have arbitration agreements—they should not be bound to arbitration. On March 24, 2025, Defendant filed its

---

[1] *See* 29 U.S.C. § 216(b).

response opposing the transfer, indicating that it would be filing a motion to compel arbitration and stay proceedings in the Arizona suit. And on May 30, 2025, the parties filed a joint motion to stay the Arizona case pending arbitration. The United Stated District Court for the District of Arizona granted that motion on July 9, 2025.[2]

## II. Legal Standard

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought. . . ."[3] A district court enjoys greater discretion to transfer a case under § 1404(a) than to dismiss the action based upon *forum non conveniens*.[4] A court should decide motions to transfer on an individualized, case-by-case basis.[5] "The party moving to transfer a case pursuant to § 1404(a) bears the burden of establishing that the existing forum is inconvenient."[6] "Merely shifting the inconvenience from one side to the other, however, obviously is not a permissible justification for a change of venue."[7] Unless "the balance of interests "'is strongly in favor of the movant the plaintiff's choice of forum should rarely be disturbed.'"[8]

---

[2] *See McLellan v. N. Rests. LLC*, 2:25-CV-00413, Doc. No. 22 (D. Ariz. July 9, 2025).

[3] 28 U.S.C. § 1404(a).

[4] *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir. 1991).

[5] *Id*. at 1516.

[6] *Id*. at 1515.

[7] *Employers Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1167 (quoting *Scheidt v. Klein*, 956 F.2d 963, 966 (10th Cir. 1992)).

[8] *Scheidt*, 956 F.2d at 965 (quoting *William A. Smith Contracting Co. v. Travelers Indem. Co.*, 467 F.2d 662, 664 (10th Cir.1972)).

### III.     Analysis

Plaintiffs cite to §§ 1404(a), 1406(a) to support their motion. § 1404(a) authorizes district courts to transfer civil actions to other district courts for the convenience of parties and witnesses.[9] And § 1406(a) requires district courts to transfer or dismiss cases in the wrong division or district.[10] Because Plaintiffs do not make any argument that they are in the wrong district or division as required by § 1406(a), the Court will only analyze § 1404(a).

Whether the Court can order a partial transfer of a case—here 15 opt-in plaintiffs while retaining jurisdiction over the remaining plaintiffs—is doubtful.[11] Even yet, a plaintiff must demonstrate the existing forum is inconvenient.[12] Plaintiffs fail to meet that burden.

Plaintiffs' complaint of inconvenience is that these 15 opt-in plaintiffs—who Plaintiff asserts are not subject to arbitration agreements—should not be required to remain in a case that is stayed pending arbitration. However, the case to which they request to be transferred has likewise been stayed pending arbitration. As such, the Plaintiffs fail to show that the existing forum is inconvenient. Therefore, the Court denies Plaintiffs' motion.

---

[9] 28 U.S.C. § 1404(a).

[10] 28 U.S.C. § 1406(a).

[11] *See Chrysler Credit Corp.*, 928 F.2d at 1518 ("A court acting under § 1404(a) may not transfer part of a case for one purpose while maintaining jurisdiction for another purpose; the section contemplates a plenary transfer' of the case." (citation omitted)).

[12] *Id.* at 1515.

-4-

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Transfer Case (Doc. 64) is **DENIED**.

**IT IS SO ORDERED.**

Dated this 5th day of August, 2025.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE